**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TERRIANN WALKER, individually, | : |
| and on behalf of others | : |
| similarly situated, | : |
|   plaintiff, | : |
| | : |
|  v. | :   Civil No. 17cv304(AVC) |
| | : |
| PEOPLE'S UNITED BANK, N.A. and | : |
| DOES 1 through 100, | : |
|   defendants. | : |

**ORDER**

This court granted preliminary approval of the Settlement

Agreement and Release ("Settlement") and certified a provisional

settlement class. Due and adequate notice having been given to

the class members, and the court having considered the

settlement, all papers filed and proceedings had herein and all

comments received regarding the settlement, and having reviewed

the record in this litigation, and good cause appearing,

EFFECTIVE SEPTEMBER 26, 2020 [EFFECTIVE DATE] IT IS HEREBY
ORDERED,

ADJUDGED, AND DECREED AS FOLLOWS:

1.    Unless otherwise provided, all terms used herein shall

have the same meaning as provided in the settlement.

2.    The court has jurisdiction over the subject matter of

this litigation and over the parties to this litigation,

including all class members.

3.     The court finds that the members of the settlement

class are so numerous that joinder of all members would be

impracticable, that the litigation and proposed settlement raise

issues of law and fact common to the claims of the class members

and these common issues predominate over any issues affecting

only individual members of the settlement class, that the claims

of Teriann Walker (the "named plaintiff") are typical of the

claims of the settlement class, that in prosecuting this action

and negotiating and entering into the settlement agreement, the

named plaintiff and her counsel have fairly and adequately

protected the interests of the settlement class and will

adequately represent the settlement class in connection with the

settlement, and that a class action is superior to other methods

available for adjudicating the controversy.

4.     This court finds that the class meets all of the

requirements for certification of a settlement class under the

Federal Rules of Civil Procedure and applicable case law. For

settlement purposes, the court now finally certifies the

settlement class, which is composed of the following two

classes:

> The "Sufficient Funds Class," which is
> defined as, "those customers of Defendant who
> were assessed and who paid an overdraft fee
> between February 21, 2011 and October 31,
> 2016, on any type of payment transaction and
> at the time such fee was assessed the
> customer had sufficient money in his or her

ledger balance to cover the transaction that resulted in the fee."

The "Regulation E Class," which is defined as, "those customers of Defendant who were assessed and who paid an overdraft fee for a non-recurring debit card payment transaction between February 21, 2016 and October 31, 2016."

5.     The court appoints Epiq Class Action & Claims Solutions, Inc., as the claims administrator under the terms of the settlement agreement.  All costs incurred in connection with providing notice and settlement administration services to the class members shall be paid from the settlement fund.  The administrator shall be subject to the jurisdiction of the court with respect to the administration of the settlement and shall comply with the terms of the settlement.

6.     The court appoints named plaintiff Terriann Walker as the class representative of the settlement class.

7.     The court further finds that counsel for the settlement class, Richard McCune of McCune Wright Arevalo, LLP, and Taras Kick of The Kick Law Firm, APC, are qualified, experienced, and skilled attorneys capable of adequately representing the settlement class, and they are approved as class counsel, and approves Richard Hayber as local counsel.

8.     The court finds that the distribution of the notice of the settlement has been completed in conformity with the court's preliminary approval order. The court finds that the notice was

the best practicable under the circumstances and provided due
and adequate notice of the proceedings and of the terms of the
settlement. The court finds that the notice fully satisfied the
requirements of due process. The court also finds that all class
members were given a full and fair opportunity to object, and
all class members have had a full and fair opportunity to
exclude themselves from the class.

9.      The court finds, as set forth in the declaration of
Brian Young of the claims administrator Epiq Class Action &
Claims Solutions, Inc., dated April 1, 2020, no objections to
the settlement have been filed and nine members of the class
requested exclusion from the class. The nine class members who
opted out of the proposed settlement are identified in exhibit C
to the April 1, 2020, declaration of Brian Young and are
excluded from this settlement.

10.     The court finds that the reaction of the class to the
settlement was overwhelmingly favorable.

11.     The court hereby grants final approval of the terms
set forth in the settlement and finds that the settlement is, in
all respects, fair, adequate, and reasonable, and directs the
parties to effectuate the settlement according to its terms. The
court finds that the settlement has been reached as a result of
informed and non-collusive arm's-length negotiations. The court
further finds that the parties have conducted extensive

investigation and research, and their attorneys were able to reasonably evaluate their respective positions.

12.   The court finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks. The amount offered in settlement is reasonable in light of the expense, complexity, risk, and likely duration of further litigation.

13.   The settlement is not an admission by the defendant, nor is this order a finding of the validity of any allegations or of any wrongdoing by the defendant. Neither this order, the settlement, nor any document referred to herein, nor any action taken to carry out the settlement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against the defendant.

14.   The court finds the requested attorneys' fees of $2,466,666 to be reasonable as a percentage of the settlement (33-1/3%), and also pursuant to a lodestar cross-check given the hourly rates and hours worked, and finds the requested fee is reasonable and therefore awards fees in this amount to be paid to class counsel from the settlement fund by the deadline specified in the settlement. The court further finds that the fee-sharing arrangement among class counsel was disclosed to and approved by the named plaintiff.

15.    The court further finds that the request for
reimbursement of litigation costs in the amount of $141,084.88
is reasonable based on the work necessary to achieve this
favorable class settlement and is to be paid to class counsel
from the settlement fund by the deadline specified in the
settlement agreement.

16.    The court finds that named plaintiff Terriann Walker
assisted with the prosecution and litigation of the case,
including producing documents, assisting class counsel,
responding to formal discovery, personally appearing at the
mediation, and having been willing to testify at trial. The
court therefore awards a service award in the amount of $15,000
to be paid to named plaintiff Terriann Walker from the
settlement fund by the deadline specified in the settlement
agreement.

17.    The court approves the Connecticut Bar Foundation,
Inc. as the *cy pres* recipient in this matter, which is the
default *cy pres* recipient under Local Rule 23 (D. Conn.).

18.    Within 10 days of the EFFECTIVE DATE of this order,
the defendant shall distribute the settlement fund to the claims
administrator.

19.    The court retains jurisdiction over the parties, class
counsel, and the case to enforce the settlement and the terms of
this judgment.

Good cause appearing therefore, IT IS SO ORDERED this 29th day of June 2020, at Hartford, Connecticut.


_____/s/_____
Honorable Alfred V. Covello
United States District Judge